for the appellant Ms. Sohail, if I pronounced that correctly, and for the appellee Mr. Stump and Mr. Trulli. All right, you may proceed. May it please the Court. Good morning, Your Honors. My name is Hania Sohail, and I represent the appellant John Shoup in this matter. This is an appeal coming up. It's a first-line reaction where the appellant John Shoup was injured at the property of the appellee Gore due to a defective condition. The appellant was invited at the property of Gore through co-appellee Amron to locate a power line. The appellees during the course of trial court filed a motion for summary judgment based on judicial estoppel. That motion was granted by Judge Lawrence on October 1, 2013, and the appellant now comes to appeal. The issue presented for this reviewing court today is whether the trial court committed an error in granting the motion for summary judgment based on judicial estoppel. It is our argument today that the trial court, in fact, did commit an error because the elements of judicial estoppel were not met at the time of the hearing. I'm not going to go into facts here, but I would go into the timeline of various events because I think it is very important for this court to understand in order to understand the fact that all the elements were not met here. On February 16, 2010, the appellant filed a petition for bankruptcy. On April 13, 2010, he filed the last amended schedule, and that was the last act that was done under oath, which was, again, April 13, 2010. Was that a Chapter 13? It was a Chapter 13. On April 15, 2010, the bankruptcy plan was confirmed. A few months after the bankruptcy plan was confirmed, then comes October 13, 2010, when this accident happened and the cause of action accrued. On June 6, 2012, the confirmation of payment order was issued by the trustee. June 8, the appellant filed a complaint in McLean County Court. June 25, 2012, the appellant was given a discharge. On July 3, 2013, the appellant went ahead and reopened his bankruptcy proceeding and amended his schedule to reflect the pending personal injury lawsuit. On October 30, 2013, the presiding trustee over this bankruptcy petition executed an affidavit that stated exactly, Mr. Shoup's bankruptcy payment plan was completed at 100 percent. Mr. Shoup has no further liability to the bankruptcy estate for any claims. The letter did strike that, Your Honor. Again, the argument here is the trial court committed an error in granting defendants or appellees' motion for summary judgment based on judicial estoppel, because the elements of judicial estoppel were never met. Which element is it met? Element 3, 4, and 5, the element of oath, the element of taking two totally inconsistent positions, and the element of also maintaining first position and getting a benefit out of that position. Those elements are not met. Well, isn't a litigation like this is a cause of action, which is an asset of the estate, bankruptcy estate, isn't it? That would be an issue of standing, Your Honor. I don't understand. How about just – I didn't ask what the issue is. I said, isn't this an element which is part of the bankruptcy estate? The fact that he had a pending lawsuit? Yeah. In other words, if this lawsuit were pending and he decides he wants to go bankrupt, he would have to disclose it, would he not? Because it's an asset of the estate.  Okay. So it's an asset. And if money were to be forthcoming from this lawsuit, then the creditors would have a claim on that money, would they not? They would, Your Honor. Okay. But the difference again here in this case is this was a post-petition lawsuit. This was a post-petition cause of action. He did not, under oath, took two totally inconsistent positions. Well, then that's the question that raises – and we have other instances of that in other areas of the law – are you under continuing duty to amend your bankruptcy petition? Like, for instance, in a civil case, you're under continuing duty to correct and amend discovery that you've furnished if there are new things that come up that are discoverable. Isn't that right? That is right, Your Honor. Your Honor, you're correct in noting the fact that when you have a bankruptcy petition, even if it's discharged, you are under continuing duty to report if you have a cause of action that accrues during the time that the bankruptcy is still pending. However, the fact that somebody doesn't report, that cannot raise to the level of judicial establishment, that cannot raise to the level of – Why not? Because the case of Holland v. Fraun clearly stated that an inadvertent omission cannot be perceived as or cannot be conceived as taking two totally inconsistent positions under oath. Well, but isn't this a matter for federal courts primarily to look to as far as a bankruptcy petition? The reason I ask that is the Bergey case, if that's how it's pronounced, dealt with this issue and cited Jethro v. Omnova solutions. And that case, which was from a few years ago, the Fifth Circuit, said this, the plaintiff is judicially estopped from pursuing an EEOC charge, that's the case at issue there, while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim. This logic is sound. He's under a duty both to disclose the existence of that complaint when she filed the petition and to disclose her potential legal claims during the pendency of the petition. Accordingly, said the Fifth Circuit Court of Appeals, she was estopped from raising the claims in district court. The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one. Essentially saying the distinction you're asking us to draw between it occurring while the case is pending and it occurring before the case is pending is illusory. There is no distinction as far as the federal courts are concerned for bankruptcy. Why shouldn't we follow that case? Because we should follow the state cases here. We should follow the state cases and we should follow why judicial estoppel was put in place in the first place. And again, case law has cited throughout Illinois that the doctrine of judicial estoppel rests upon public policy which upholds the sanctity of the oath and its purposes. So in Illinois, bankruptcy petitioners are subject to a different standard than bankruptcy petitioners in other states?  Wouldn't that be the effect of what you're asking us to conclude? This is the Fifth Circuit. And by the way, there are no decisions from the federal courts going contrary. This is just the most recent decision. That's nine years ago when the Federal Circuit Court of Appeals had occasion to address this. So only in the state of Illinois are we going to say that if you have a cause of action that accrues while your bankruptcy petition is pending, you're under no obligation to amend your petition. And if you fail to amend it, then judicial estoppel doesn't apply? We are not arguing here whether we are agreeing that the duty to report exists and we are agreeing the fact that it was reported late. It was reported. The schedules were amended. It was reported late. But the circuit court decision here was based on judicial estoppel. And what we are saying here, judicial estoppel elements were not met. The state court is already making that distinction. The case Beter v. Barge v. Meter and the case Holland v. Schwan has already made that distinction and said that oath is a requirement. And the police and their decision are relying heavily on the case of Barge v. Meter, but there's a difference between the case of Barge v. Meter and our case. The difference is in Barge v. Meter, the lady files for Chapter 13 bankruptcy. A month later, she gets into a car accident. Later after that, she filed a lawsuit. But then she goes on and converts her Chapter 13 bankruptcy into Chapter 7 bankruptcy. So at the time, she converted her Chapter 13 bankruptcy to Chapter 7 bankruptcy. After the cause of action accrued, she did take two totally inconsistent positions under oath. That is not the case here. All these schedules are amended under oath before the cause of action accrued. So this is totally different than what the appellees are arguing. This is not the same case. There were not two inconsistent positions taken here. Is the standard review one where it's a matter of discretion in the trial court's eyes as to whether judicial estoppel applies? It is abuse of discretion, Your Honor. Because it seems to me that that is another fundamental distinction between the Meter case and the Holland case. In both cases, the appellate court affirmed the trial court's exercise of discretion. And as this court knows, you can frequently have entirely different decisions, which are each within the bounds of the discretion of the trial court, even though they come to different conclusions, and say each is at least, if not correct, neither is going to be reversed because they're within that bounds. Such as dividing a property in divorce case, who should be the custodial parent in a divorce case. We could have this easily go within this range of where whatever decision the trial court makes is going to be affirmed by the appellate court because it's not an abuse of discretion. In Meter and in Holland, both instances, the appellate court said, in effect, we're not going to second guess the exercise of discretion. Isn't that right? That is correct, Your Honor. And you're asking us to do that here, inciting Holland? No, Your Honor. The problem here is, again, an abuse of discretion is a standard which is hard to meet, and it is only made if the decision is arbitrarily unreasonable. It is unreasonable here. The decision is unreasonable. There is not even a single part of evidence presented at the time of the hearings that suggests that John Shube, the appellant, was under oath. He was never under oath. Illinois law has said that in order for judicial estoppel to meet, you have to be under oath. Now, the appellees in their brief have cited the fact that the formal oath requirement is a technical requirement. That is not correct. There is no case law that suggests. There is, however, one case that is Department of Transportation v. State of Illinois v. Co., but that only eliminates the formal oath requirement in administrative proceeding. And in doing so, it clearly states, administrative agencies today handle an enormous volume of proceeding, and not all of those proceedings are conducted under formal oath. Often disputes that arise in administrative proceeding find their way through administrative review to courts of law. It would be totally logical to allow parties to take one position in an agency proceeding and then allow them to take an inconsistent position as subsequent. I don't know if that assumes that we accept the notion, or we reject the idea of what the federal courts have said, that a bankruptcy petition, if you file an initial petition and you fail to amend it, that constitutes a misstatement under oath. That's the case I just read you from the Fifth Circuit. You're telling us that we should not follow that holding, that we need a second act, an affirmative act, by your client under oath in order to have judicial stop or apply. I just read you from the Fifth Circuit, and unanimous decisions of the federal courts saying, no, that's not how it works. Why shouldn't we follow that? What I'm asking you, Your Honor, is follow the Holland v. Schwan, which is a more recent case, which is a case that came out in the Illinois Appellate Federal District. Did that case discuss any of the federal cases I've mentioned to you? I do not believe, Your Honor. I don't believe it did either. But, Your Honor, this is still good law, Holland v. Schwan. Well, it's not binding upon us, and it's good law if we find it well-reasoned. Why should we accept it as well-reasoned when the – I think there should be some deference, we're not required, but some deference from the state courts to the federal courts. Bankruptcy is their province, not ours. And if the federal courts are unanimous that the failure of a bankruptcy petitioner to amend a petition constitutes the same thing as if the initial petition were filed under oath inaccurately, why shouldn't we follow it? This is just not about bankruptcy, Your Honor. Your Honor, this is about judicial estoppel. Well, that's – this is in the same context that I just read you. It applied. It concluded judicial estoppel applies because the failure to amend the bankruptcy petition amounted to a statement under oath that was false. And, Your Honor, just to talk about failure to amend, he did amend his schedules. He did amend it. He didn't amend it timely, but he did amend. Well, okay, he amended it, but not timely. What does that mean? He amended it. After the bankruptcy was discharged. After the bankruptcy was discharged, he reopened it. It wasn't timely, but he still – Is that good enough? Yes, Your Honor, because even if he would have amended it – Counsel, it seems to me that if we were to accept your argument, we would be accepting the proposition that there are no consequences for failure to amend a petition that is, in fact, inaccurate. Is that a fair statement? I'm not saying that, Your Honor, there should be no consequences. What I'm saying is that the consequences should not rise to the level of judicial estoppel. This was an inadvertent omission. It wasn't intentional. Judicial estoppel, again, is there in place to make sure that people are not lying to court. They're not lying to one court and collecting benefit out of the other court. That's not what happened here. Was this a 100 percent plan? It was a plan which was 100 percent completed. No, no, no, that wasn't my question. Did he pay all of his listed debts in full? Correct, Your Honor. We had an affidavit by the trustee that we entered into the evidence where the trustees stated that the bankruptcy payment plan was completed 100 percent. Mr. Shoup has no further liability to bankruptcy state for any claims. Okay, but did he pay 100 percent of all of the debts listed? He paid the repayment plan, whatever that plan was. Well, that's my question. Was it a 100 percent plan? Was it an 80 percent plan, a 50 percent plan? Let's say his total debts were $25,000. Did he pay $25,000? My understanding, Your Honor, is that he did. The plan was completed 100 percent. That doesn't answer my question. That's all. In terms of whether he paid all of it, my understanding is it was 100 percent complete. So that's what I got out of that, that it was whatever it was owed, he paid it because it was a Chapter 13 bankruptcy rather than a Chapter 7 bankruptcy. Your Honor, again. Well, before you leave that, I'm not completely familiar with Chapter 13 bankruptcies. And the question that we're trying to get you to answer is, are there plans where the debtor pays 100 percent of what is owed, or are there plans where the debtor pays less than that, even though the debtor has completed 100 percent of whatever the plan was? My understanding, Your Honor, is in Chapter 13 you pay 100 percent. In Chapter 7, you do not. That is what my understanding is. In Chapter 7, you don't pay anything. And in Chapter 13, the bankruptcy trustee looks at your income and looks at your scheduled debts and determines what percentage of those debts are going to be paid. They're all going to be paid at the same percentage, 25 percent, 50 percent, 75 percent, whatever it is. And to say that he completed the plan doesn't mean the same thing as he paid all of his debts in full. Let's assume for the sake of hypothetical that he didn't pay his debts in full, okay? If he didn't pay his debts in full, why would a trustee write an affidavit saying that he owes no liabilities? He completed the plan, but we don't know if it was a 25 percent plan, a 30 percent plan, a 50 percent plan, whatever the percentage that the trustee ordered him to make payments on. We don't know that. But the plan was already approved even before the cause of action was approved. That doesn't have anything to do with my question. And again, Your Honor, to answer your question, I do not know exactly how much he paid. Well, the point is that if he paid less than 100 percent, then he received the benefit, correct? I would disagree, Your Honor, just because, again, even if he reported, we don't know if the plan would have changed. So that's all speculation. Even if, let's say, even on November 1st of 2010, a few days after the accident, he reported, we don't know if it would have changed because the plan was already approved. So we don't know if anything would have changed. And again, just going back to the main issue. We don't know that either. We do not know that, Your Honor. What is the burden of establishing that? Well, Your Honor, the burden of establishing here is judicial estoppel that the athletes had at the time of the hearing. And our argument today is that they did not meet their burden because, again, he didn't take two positions under oath. The positions were not totally inconsistent. We have Holland v. Schwan case. The facts are exactly the same. It was a post-petition lawsuit. Bader v. Marsh, it was a pre-petition lawsuit. Plaintiffs should have reported but never reported. And again, they also cited Daly v. Smith. Daly v. Smith is also different than our case because in Daly v. Smith, also, they were dealing with a pre-petition lawsuit. Both Daly v. Smith and Bader v. Marsh dealt with actually taking two inconsistent positions under oath. That's not what happened here at all. Thank you, Your Honor. You'll have additional time to rebuttal. All right. Who's going to go first? I will, Your Honor. Okay. You've divided your time? We have divided it 10 minutes each. Okay. You may proceed. Thank you. Thank you. You may have placed the court. You may have placed counsel. John Stumpf for the appellee doors. The circuit court in this case did not abuse its discretion when it found that judicial estoppel applied because the record before the court justified a finding that all five elements were met of judicial estoppel. The key element that's in dispute at this point is the oath requirement. And I'd like to spend the majority of my time discussing that and see if I can reconcile the Burge case with the Holland decision. Because I think if we can do that, then we can come to a conclusion as to whether or not in this case the court abused its discretion. The facts that the court had before it in order to find judicial estoppel, we would argue that there's only four that were required. The actual petition being filed in February 2010. Then about six months later is when the plaintiff falls on my client's property and his claim is approved. Then a period of 20 months passes between the time that he falls on my client's property and acquires that asset, that personal injury asset, and the time that he obtains his discharge by payment of the plan. During that 20 month period of time, it's our position that he stood on the under oath petition in the bankruptcy court. And that under oath position that he took was that he did not have an asset. So that position is totally inconsistent with his filing in the circuit court and his later deposition testimony where he alleges that he fell as a result of the negligence of my clients. So during that 20 month period of time, the oath requirement was satisfied because he's standing on the original petition that he filed without amending it or without advising the bankruptcy court in any way that he had this new claim. So to reconcile that with the Holland case that's heavily relied upon by the plaintiff of Holland in this case, it really goes to the core of the oath requirement. We believe that the Burge case took the same view that we took of the oath requirement and that is that standing on the original petition and not amending it fulfills that requirement. Whereas I think if you read Holland, what they are doing is they are taking a very, very narrow view of the bankruptcy petition under oath. They are only focusing on the actual time it is made. And because it is truthful at the time that it's made, because the claim hasn't accrued yet, then they're saying well that's not a violation of the oath requirement. But they need to take a very narrow view of that and we believe that the better reasoning is in Burge. Versus Kuhn O'Mader where they hold that the oath requirement is derived from the petition itself. To the extent there is an oath requirement in the other position taken in the circuit court, we would argue that that is satisfied by the deposition testimony of the plaintiff in this case where he says he fell on my client's property as a result of their negligence. So both positions are taken under oath and they are opposite. What is the judgment of the court we are reviewing here? Is it summary judgment? It is, your honor. Why did you move for summary judgment? As opposed to a motion to dismiss. Well, here's my problem. The decisions of the Illinois Supreme Court are crystal clear that summary judgments are to be reviewed de novo. As are the granting of motions to dismiss and appeal to be reviewed de novo. Yet, we are dealing with an area of the law where it appears the application of judicial estoppel is a discretionary call. Now, if I'm a practitioner at the trial level and I look at this, and if I hope to prevail with the trial judge to exercise the court's discretion that judicial estoppel should apply, then I think I'd want to be in a position where it wouldn't be de novo review at the appellate court level. As a matter of fact, I thought Ms. Sohail put it just right in her brief, where she talks about it, how if the particular evidence of factual assertions are barred from the case by judicial estoppel, then subsequent decision to grant summary judgment because of the absence of such matters should be reviewed de novo. So maybe as a matter of procedure, it should be a motion for the application of judicial estoppel, which if granted, then you could say, well, it's like barring an expert, let's say. He's not qualified, a motion to strike, or a fry hearing or something, and then when it's out, you move for a motion for summary judgment. This all sounds very technical, but I'm just wondering, since you're saying that we're supposed to review this, I think, in your briefs, this is a discretionary call, we're supposed to put an asterisk next to the Supreme Court decisions and say, by the way, summary judgment should be reviewed de novo? What do we say here, counsel? I understand, and to answer your question, I believe that plaintiff's counsel is correct. I think this is a two-step analysis. I think that the court in this case first had to conclude that judicial estoppel applied. That would be reviewed under an abuse of discretion. You see, the problem is it's your pleading that the court granted, and your pleading didn't call for a two-step review, and it calls for a one-step action by this court. I see. We have the grant of a summary judgment. That's the issue on appeal. Why isn't that subject to simply de novo review? I believe that the granting of summary judgment is not subject to, or excuse me, would be subject to de novo review. But the basis that the court found the application of judicial estoppel in order to reach that decision would be the abuse of discretion. So I do believe it is a two-step analysis. The manner in which we pled it, we simply combined that all into one motion and argued it that way. We could have had a separate pleading, as your Honor suggests. I think that would have been an option. Motion to have the application of judicial estoppel. But rather than doing two separate motions, we simply combined that argument into our motion. It makes things a little bit more difficult. I suppose the better example would be had there been a claim that for whatever reason, let's say a medical malpractice action, the plaintiff's expert witness whose testimony was required wasn't competent. He'd make a motion to strike. If granted, now we have a motion of summary judgment because you have no witness to counter us, et cetera. And I understand that's an option. We simply didn't proceed in that manner. And I don't believe that because we, I think perhaps the best way to look at it is to indicate that it was a combined motion, even though it wasn't titled that way. So if we agree with you, how do we state the standard review when we address it on our decision? The standard of review would be that the court would have to have found that judicial estoppel applies and that finding is reviewed under an abuse of discretion. And then the granting of summary judgment based upon that finding is reviewed in OVA. And I think that would satisfy the court's attention on that. We do make an argument also that standing is an issue here. We make that in our brief. I do not believe that the letter that was sent by the trustee indicating that they had no more liability to the trustee necessarily reverts an undocumented claim out of the trustee's handling. So I would see... That raises the question that I asked opposing counsel. Yes. Was it a 100% claim? And the best answer I can give is I do not know that the record indicates that. We've feverishly been looking through the record on appeal and perhaps counsel for Apley-Amrin will have a more specific answer. But my review of the record does not indicate whether it is or is not a 100% claim nor whether there was any interest that would have been forgiven. I thank the court for its time. Thank you. May it please the court and counsel, I'm John Toohey on behalf of Amrin, Illinois and Central Illinois Light Company. To answer the court's question, it appears to me from the record the schedules are in the record. For example, at C-366 there was a large unsecured or undersecured component of the debt involved in Mr. Shoup's bankruptcy. So typically in a Chapter 13 unsecured debt is not repaid and undersecured debt is crammed down to the value of whatever the security is. On page C-366 there is a $3,000 odd dollar unsecured figure and in the normal course of events that would not be part of what had to be repaid.  That might have been available to the creditors as a source of repayment. The fact that the trustee, the former trustee, is expressing legal opinions about whether or not Mr. Shoup has a further debt to the estate is kind of beside the point because the reason for the continuing duty to disclose is the debtor is the debtor in possession of all the assets. At the same time, Section 541A of the Bankruptcy Code says the second you file bankruptcy all of your property is property of the estate and that includes after-acquired property. And the trustee in the court is never going to know what property is available to fund repayment unless the debtor makes a clean breast of it and is honest about what property he has. Berge is an after-acquired claim case and in that case there is no disclosure, just as there is here. I don't think that converting your case from 13 to 7 makes a difference because it's the same duty to disclose. The federal cases, including the Coastal Plains case to which a lot of the citations, for example, and Berge seems to go back to, that's 179F3D197, the 5th Certification, 1999, and In re McDowell, 43, Bankruptcy Reporter, 471, Bankruptcy Court in the Southern District of Texas, all say that it's a continuing duty to disclose and so does Holland for that matter and so does Berge. It's a continuing duty and when you don't fulfill your duty, you break your oath because at the beginning of the case you file schedules with your petition. The understanding and the requirement in the law is that if there's any material change, you have to file amended schedules or somehow disclose a change in your financial affairs. Debtors will do that when there's an adverse change that might result in them having to pay less, but here Mr. Shoup kept to himself the claim that he wanted to serve after the fact. I don't think there's any dispute as to elements of Judicial Estoppel 4 and 5. Contrary to what Ms. O'Hale has said, he did successfully maintain his position in the bankruptcy court. He obtained a discharge. A discharge, as all the cases say, is a legislatively created benefit. He also had the benefit of asserting the claim after the bankruptcy was done. So he has, coming and going, he has a benefit and the positions are inconsistent. You can't say in violation of your continuing duty to disclose, these are all the assets I have and the second the bankruptcy is over, spring up and say, oh no, I have this additional claim which I intend to pursue for myself. If there is an element of discretion in this case, I don't think it matters for the standard of review, but the discretion I think comes in because we expect the trial court, which is in the best position to take a hard look at what actually happened and decide if the doctrine is appropriately applied. And here, the bankruptcy had been on file for about eight months when Mr. Shoup fell in October 2010. So he's aware that he's in bankruptcy and now he has a new claim, but he doesn't amend his schedules, he doesn't disclose to the trustee. On the sixth day of June 2012, there's a certification filed in his bankruptcy saying, the plan is completed, all payments have been made. At that point, it is clear that he's going to get a discharge, no question about it. Two days later is when he files his complaint in this case. Under that circumstance, I think the court appropriately looked and said, this is a case where the litigant is, as they say, playing fast and loose with the courts. Counsel, under your argument, would a negligent failure to update the schedule be the equivalent of violating one's oath? Yes, I think so. Because the bankruptcy system ceases to function if the debtor has space to say, oh, I meant to, but I didn't, and then get himself off the hook after the fact. The debtor is in possession of all the assets and is probably the only person in the world who has knowledge of the assets. And so if he doesn't make a clean breast of it and disclose his assets, the creditors are shortchanged and the system doesn't function as it's supposed to. That gets us into the issue of good faith, bad faith. Does either party have to prove either of those in order to apply judicial estoppel? Obviously, it's not one of the elements. It hasn't been identified as one of the elements by any branch of the authority. Following up on Justice Turner's question, Ms. O'Hale seemed to suggest that this is inadvertence or possibly an attorney's failure and we're punishing the client. Maybe, for all we know, this was communicated to a lawyer and lawyer negligence or something, and now we're holding the client accountable for it. What about that? In fact, I wrote that down. This was an inadvertent omission. Ms. O'Hale said, I don't believe that's in the record at all. Well, what if it were true? What if it were true, then we would be dealing with Holland, and in Holland there was actual testimony where Larry Holland testified. I told my bankruptcy attorney about the claim. I don't know why he didn't amend the schedules and got himself off the hook. So you think that's a matter which the trial court, in exercise of its discretion, could consider? Perhaps, but the cases say, and I think the better decided cases hold, that we don't allow the debtor, the plaintiff, to get himself off the hook by that expediency. Well, picking up on what you just described from Holland, are you suggesting that had an effort been made in the hearing on the motion in this case to open up or present an affidavit or testimony of the plaintiff, Mr. Shoup, I guess, wait a minute, essentially like in Holland. I don't know what the problem is here. I'm no bankruptcy lawyer. I told my lawyer all about this, and I don't understand what the problem is. Would that have been admissible, and is that something which would have guided the court's discretion? Well, I can't say whether it's admissible until I see the affidavit. I think the plaintiff's affidavit is admissible and his testimony is admissible, but I don't think it should make a difference because you're undermining the purpose of the trial. But in any event, we don't have that here. As far as I know, that really struck me as something that's not on the record. Do you think that's a distinction in the Holland case in this one? I don't think – well, the problem with Holland, in my mind, is the court says, and it's true, Larry Holland never got a discharge. His bankruptcy is dismissed, and by virtue of dismissal, all of his property, including the claims, are revested in him. So the standing issue also goes away. And that is the narrowest basis on which to resolve this complex of issues within the Holland case. So everything else, all the other discussion, judicial estoppel, is sort of – Why didn't he get a discharge in Holland? I'm sorry? Why wasn't there a discharge in Holland? I don't know that it's explained, but it's undisputed on the facts of the case that, in the end, he didn't get a discharge. The bankruptcy case didn't go all the way to the end, and it was dismissed under circumstances where the property, I think under 521A1, is revested in the debtor. And so he becomes the owner of the claim again. And from that point on, all the discussion of standing and judicial estoppel is really beside the point. It can't apply because he didn't get the benefit. So it's all dicta that the Fifth District mentioned? It may not – I would say it is dicta. I mean, I say in the brief that I think it's dicta because anything beyond the narrowest basis that you need to resolve a case is arguably dicta. It's internally inconsistent, and it seems to be at least in tension with what the federal law is. I mean, Holland says, recognizes, there is a continuing duty to disclose. But it doesn't seem to recognize on the standing issue that the claim is the property of the estate. It gets around that by recognizing the dismissal and saying, well, it was revested in any case. So there are definite cross-currents in Holland that make it a difficult case to apply. And for that reason, I don't think it should be applied here. Berge is much closer to our facts. The only additional development is whether an after-acquired claim, simply under the continuing duty to disclose, which no one disputes, including Werner, the opposing counsel here, that duty exists. Is that enough? Thank you. By the way, did I pronounce your name correctly? Yes, Your Honor. Just to touch briefly on Holland v. Schwan case, Your Honors, one of the reasons which is not mentioned in the brief, and the reason it was not mentioned in the brief, was because when we argued our motions, it was not transcribed. But at the time, we argued our briefs on October 1, 2013. A little bit before that, the Holland case was appealed. But the Supreme Court denied re-hearing. And Judge Lawrence, in finding Berge more credible, stated that the reason he's finding Berge more credible than Holland was because Holland is being appealed. But again, the re-hearing on Holland v. Schwan was denied. I believe the date was September 19, 2013. So for that reason, this was a holding. It was not a dicta. Also, Holland case cites this federal court case. The case is Jagger v. Clairvang Production. And in Jagger, the court addressed the issue of whether to apply judicial struggle in a case where the plaintiff failed to disclose his cause of action and rank this proceeding. And it clearly states that it is significant whether the plaintiff's failure to disclose was an advertent oversight rather than a deliberate manipulation. In this case, again, we don't have evidence that this was a deliberate manipulation. This was, again, an oversight. And if it is a deliberate manipulation or if it is an oversight, that's a question of fact that should have never been decided on a motion for summary judgment. If it were an oversight, along the lines I just asked Mr. Tuohy about, if that's pronounced correctly, Tuohy, should there be some evidence, as there was in Holland, along the lines I suggested of the plaintiff saying, wait a minute, I told my lawyer about this, and I don't know what the problem is. And maybe that would be, I don't know, I suspect that would be before the trial court, and this court might be a factor the trial court could use in the exercise of its discretion. But we don't have that in this case, do we? Well, Judge, the problem in this case was, and I'm going to give you rough timelines because I don't know the exact date, but the plaintiff answered his interrogatory answers in February of 2013. He mentioned bankruptcy and notified the defense counsel that he had a bankruptcy proceeding. We were not aware that the pending lawsuit was never reported because we never presented the plaintiff in bankruptcy proceedings, so that never raised any red flag to us. Then he was deposed, I believe, sometime in August. After the deposition, it is our position that after the liability was established, then we see a motion for summary judgment based on judicial estoppel. The deposition never even talked about bankruptcy at all. So after that, after the deposition, nobody talked about it. When he was under oath in deposition, nobody talked about whether he reported it or not reported it. For that reason, we don't have his testimony that says it was an omission, it was an advertent mistake. But in response to their motion for summary judgment, you could have provided an affidavit to the same effect of, gee, I told my lawyer I know what the problem is. And, Judge Beebe, we strategically, I believe, left that out, or my bad, we inadvertently left that out and we instead got an affidavit of the trustee. But again, and also just to touch on counsel's point that he got discharged on June 6th, two days later he filed a complaint, that's not, I mean, that is true, Your Honor, but as practitioners, you are aware of the fact that when somebody pursues a lawyer to handle a personal injury lawsuit, it just doesn't get filed the next day. You wait some time, you make demands, you see how it goes, if they respond and you're close to statute, you file the lawsuit. He had a workers' compensation case for the same date of accident and that has been filed since, I believe, November of 2010. So again, this was not, if he wanted to intentionally manipulate the court system and if he wanted to intentionally leave that out, he would have never filed a workers' compensation lawsuit and would have waited until bankruptcy is discharged. But he didn't do that. The workers' compensation suit was filed way before that. Also, just to point out a little bit again, Burge is different than here. Burge included two petitions, one Chapter 13, and then the accident happened and then a petition was converted to Chapter 7. So in Burge, again, there was an oath that took place when Chapter 13 bankruptcy was converted to Chapter 7. That is not here. Just citing some language of the Holland v. Schwann case, again, the court in Holland v. Schwann said, plaintiff's failure to schedule his post-petition claim as an asset of bankruptcy state does not constitute an inconsistent position given under oath. Since plaintiff did not file any documents in the bankruptcy proceeding after May 25, 2009, in which he omitted the existence of his claim, and therefore, although he did not properly disclose the pending claim, he did not take two inconsistent positions under oath. Thank you, Your Honor. Thank you, counsel. I put this matter under advisement and stand in recess until the readiness of the next case.